**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrew Moorehead,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>City of Tucson,<br><br>　　　　　　　Defendant. | No. CV-19-0579-TUC-BGM<br><br>**ORDER** |

Plaintiff Andrew Moorehead filed a *pro se* Complaint (Doc. 1) and did not immediately pay the $400.00 civil action filing fee, but filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2).

**I.    APPLICATION TO PROCEED IN FORMA PAUPERIS**

The Court may allow a plaintiff to proceed without prepayment of fees when it is shown by affidavit that he "is unable to pay such fees[.]"  28 U.S.C. § 1915(a)(1). Plaintiff's statement, made under penalty of perjury, establishes that Plaintiff has no assets and earns a small income from his employment.  The Court finds Plaintiff is unable to pay the fees.  Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) will be granted.

**II.   STATUTORY SCREENING OF PLAINTIFF'S COMPLAINT**

This Court is required to dismiss a case if the Court determines that the allegation

of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or if the Court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(a), Fed. R. Civ. P. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Where the pleader is *pro se*, however, the pleading should be liberally construed in the interests of justice. *Johnson v. Reagan*, 524 F.2d 1123, 1124 (9th Cir. 1975); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Nonetheless, a complaint must set forth a set of facts that serves to put defendants on notice as to the nature and basis of the claim(s). *See Brazil v. U.S. Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

A "complaint [filed by a *pro se* plaintiff] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Hebbe*, 627 F.3d at 342 (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Id.* at 514, 122 S.Ct. at 998 (quoting *Hison v. King & Spaulding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)) (alterations in original); *see also Johnson, et al. v. City of Shelby, Mississippi*, — U.S. —, 135 S.Ct. 346, 346 (2014) ("Federal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. Rule Civ. Proc. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted").

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).

### III. COMPLAINT

Plaintiff's Complaint (Doc. 1) alleges that "[t]he City of Tucson's court did coerce [Plaintiff] to enter a plea of guilty on case with Docket No. Cm19045279/21705875 by telling [him] that I was not allowed a jury trial." Compl. (Doc. 1) at 4. Plaintiff seeks "[r]eversal of Judge's verdict and dismissal of the case along with immediate repeal of both laws [he] was charged with violations." *Id.*

#### A. *Subject Matter Jurisdiction*

As an initial matter, this Court must consider whether it has jurisdiction to hear Mr. Moorehead's claims. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). A district court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This is known as federal question jurisdiction. District courts also have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332. This is referred to as diversity jurisdiction.

Plaintiff's Complaint (Doc. 1) indicates that jurisdiction is premised on the Sixth

Amendment of the United States Constitution.  Compl. (Doc. 1) at 3.  Broadly construed, Plaintiff is suing the City of Tucson pursuant to Section 1983, Title 42, United States Code, for an alleged violation of his Sixth Amendment right to a trial by jury.  *See id.*  As such, the Court has federal subject matter jurisdiction over Plaintiff's claim.

### B. Failure to State a Claim

To state a claim under Section 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right.  *Patel v. Kent School Dist.*, 648 F.3d 965, 971 (9th Cir. 2011).  The Sixth Amendment provides, in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed[.]"  U.S. Const. amend. VI.  "Arizona closely guards a defendant's right to a jury trial above and beyond that guaranteed by the Federal Constitution."  *State v. Le Noble*, 216 Ariz. 180, 182, 164 P.3d 686, 688 (Ariz. Ct. App. 2007) (citing *Derendal v. Griffith*, 209 Ariz. 416, 419, 104 P.3d 147, 150 (2005)).  "The right to a jury trial for misdemeanor offenses extends to charges where the statutory offense has a common law antecedent that guaranteed the right to a jury trial at the time of statehood, or where the offense qualifies as a 'serious' offense with additional severe, direct and uniformly applied statutory consequences."  Ariz. R. Crim. P. 18.1 cmt. Rule 18.1(a) (internal quotation marks omitted) (citing *Derendal*, 209 Ariz. at 423, 104 P.3d at 154).

Here, Plaintiff was convicted of violating Tucson City Code § 21-3.5.4 regarding camping in a park.  *See* Tucson City Court Docket, *State of Ariz. v. Moorehead*, Case No. M1041CM19045279.  Section 21-3.5.4, Tucson City Code, prohibits camping in a park and states that it is a violation to "[c]amp, lodge or sleep therein between the hours of 10:30 p.m. and 6:00 a.m. unless special written permit be obtained seventy-two (72) hours in advance from the director."  TCC § 21-3.5.4.  "Any person violating any provision of this article or the rules and regulations relating to parks established by the

director and filed with the city clerk, shall be guilty of a misdemeanor and, upon conviction thereof, shall be punishable by a fine not exceeding one thousand dollars ($1,000.00) or by imprisonment for not more than six (6) months, by not more than three (3) years probation or by any combination thereof." TCC § 21-7. Camping in a park does not have a common law antecedent and Plaintiff's Complaint (Doc. 1) is devoid of any facts to suggest that there are any "additional severe, direct, uniformly applied, statutory consequences" warranting a trial by jury in this matter. *See Derendal*, 209 Ariz. at 423, 104 P.3d at 154. As such, he has failed to allege a violation of a federal or statutory right. The Court further finds any attempt at amended would be futile.

## IV.     ADDRESS CHANGES

Plaintiff has failed to file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. If Plaintiff seeks to reopen this matter and seek reconsideration of this Order, he must update his address with the Clerk of the Court.

## V.     CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

(1)    Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is GRANTED;

(2)    Plaintiff's Complaint (Doc. 1) is DISMISSED WITHOUT PREJUDICE; and

(3)    The Clerk of the Court shall close its file in this matter.

Dated this 10th day of July, 2020.

_____
Honorable Bruce G. Macdonald
United States Magistrate Judge